MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: NDCAECF@BDFGROUP.COM

Attorney for Movant
WELLS FARGO BANK, N.A., ALSO
KNOWN AS WACHOVIA MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.,
AND FORMERLY KNOWN AS WACHOVIA
MORTGAGE, FSB, FORMERLY KNOWN AS
WORLD SAVINGS BANK, FSB its successors
and/or assign

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:
EDWIN ROSALES BERDIAGO and
MARIETTA MERCADO BERDIAGO

Debtors.

CASE NO.: 10-42323-RN-7
CHAPTER: 7
R.S. NO.: EAT-801

MOTION FOR RELIEF FROM THE
AUTOMATIC STAY

DATE: May 04, 2010
TIME: 10:30 a.m.
PLACE: U.S. Bankruptcy Court
Courtroom 220, 2nd Floor
1300 Clay Street
Oakland, CA

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A

DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA

MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB its successors

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

and/or assign, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On March 03, 2010, the Debtors EDWIN ROSALES BERDIAGO and MARIETTA MERCADO BERDIAGO commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Northern District of California, Oakland Division, Case No. 10-42323-RN-7. JOHN T. KENDALL is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtors' estate includes real property commonly known as 640 CLAXTON AVE, NORTH LAS VEGAS, NV 89084 and legally described as follows:

> THE LAND REFERRED TO IN THIS COMMITMENT IS SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA AND IS DESCRIBED AS FOLLOWS:
>
> LOT 18, IN BLOCK 1, OF CENTENNIAL AND REVERE UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 106, OF PLATS, PAGE 24, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

4. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $175,000.00 executed on or about July 31, 2007 by the Debtors EDWIN ROSALES BERDIAGO and MARIETTA MERCADO BERDIAGO in favor of WORLD SAVINGSBANK,FSB.,. The Note is secured by a First priority Deed of Trust against said real property recorded on August 08, 2007, as Instrument No. 200708080004108 in the Office of the County Recorder of Clark County, Nevada.

5. The original loan amount was payable with interest at the initial rate of 7.45% per annum in monthly principal and interest installments commencing October 01, 2007 and continuing

thereafter each calendar month through September 01, 2037 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note. The current monthly payment is $742.44.

6. The loan is in default for the months of May 01, 2009 through and including March 01, 2010. Delinquent monthly installments total $7,907.89. Another payment of $742.44 will become due on April 01, 2010. The ARM Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on November 24, 2009. There is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $7,200.00.

8. The Debtors claim under penalty of perjury in Schedule A - Real Property and in Schedule D - Creditors Holding Secured Claims that the real property has a fair market value of $90,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by. After deducting the estimated costs of sale and the total encumbrances from the Debtors' value of the real property, there is no remaining equity for the Debtors.

9. Furthermore, the real property has no substantial value for the Debtors' estate. According to Schedule A, the fair market value of the real property is $90,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $196,045.09, with additional encumbrances against the property totaling $0.00. Since the total encumbrances against the property

are estimated to be $196,045.09, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Finally, pursuant to the Individual Debtor's Statement of Intentions, the Debtors intend to surrender their right, title and interest in the real property.

11. Since the equity in the real property does not adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1) and/or 11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 10-42323   Doc# 11   Filed: 04/14/10   Entered: 04/14/10 11:53:32   Page 4 of 5
bkcabk_MFR.rpt-26/Northern/Oakland/00000001635945                              Page 4 of 5

4. For such other relief as the Court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Date: April 14, 2010          By:   /s/ MARISOL A. NAGATA
                                    MARISOL A. NAGATA
                                    Attorney for Movant

5
MOTION FOR RELIEF FROM THE AUTOMATIC STAY